IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GORMIDOU Y. LAVELA,

                Plaintiff,

  v.

MERIDIAN GRP., INC., RODNEY TAPP, VALICIA
GILBERT, MARK KLEIN, SHIRELY SEVERSON,
CHIPPEWA FALLS FIRE DEP'T, FIRE CHIEF LEE
DOUGLAS, and BATTALION CHIEF JASON THOM,

                Defendants.

ORDER

23-cv-482-jdp

---

      Pro se plaintiff Gormidou Y. Lavela brought claims under the Fair Housing Act, Contracts Clause, and state law based on a resident's racial harassment and other allegations. The court screened the complaint and, on October 17, 2023, allowed Lavela to proceed on racial harassment, retaliation, and defamation claims. Dkt. 8. Unbeknown to the court, Lavela had filed an amended complaint a few days earlier. Dkt. 7. At that stage, Lavela had one automatic right to file an amended complaint. Ordinarily, the court would vacate the screening order and screen the amended complaint. But Lavela appears to believe that his amended complaint supplements his original complaint. *See id.* at 3. Actually, an amended pleading supersedes (that is, it completely replaces) an earlier pleading. If the court screened the amended complaint, there is no guarantee that it would allow Lavela to proceed on the claims on which it allowed him to proceed in the initial screening order. Put differently, Lavela would be allowed to proceed on only the claims in the amended complaint that the court determined to state a claim upon which relief may be granted. What's more, Lavela has had time to review the court's screening order and may simply prefer to proceed on the claims on which the court allowed him to proceed and withdraw his amended complaint.

In these circumstances, it is appropriate to give Lavela the option of: (a) proceeding on the claims on which the court allowed him to proceed in its screening order; or (b) filing a final amended complaint that includes all of the allegations for relief he has, and that names as defendants all of the individuals or entities against which he seeks to proceed based on those allegations. The court will tell Lavela how to file a final amended complaint below. If Lavela files a final amended complaint by the deadline the court sets for that purpose, the court will screen the final amended complaint and disregard the proposed amended complaint that he's filed. If Lavela does not file a final amended complaint by the deadline, the court will allow him to proceed on the claims on which it allowed him to proceed in the screening order, disregard the proposed amended complaint, and schedule the case for a telephonic preliminary pretrial conference.

Lavela must file his final amended complaint on the court's nonprisoner complaint form, which the court will send him along with this order. If Lavela needs more space to allege his claims, then he may submit no more than five supplemental pages. Any handwritten or typewritten text on the form or any supplemental sheet must be large enough and well-spaced enough for the court to read it easily.

In drafting his final amended complaint, Lavela should be mindful that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). Lavela's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Lavela should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Lavela should identify the claims he wishes to allege in the final amended complaint, but he should omit any legal arguments.

Lavela should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of federal or state law. Lavela must explain what each defendant did, or failed to do, that violated his rights. Lavela should avoid referring to defendants collectively. Lavela also should identify by full name in the case caption of his final amended complaint every one of the individuals whom he wishes to sue.

ORDER

IT IS ORDERED that:

1. Plaintiff Gormidou Y. Lavela has until December 15, 2023, to file a final amended complaint in accordance with the instructions provided in this order.

2. The final amended complaint will act as a complete substitute for the earlier pleadings. This case will proceed on only the allegations made and claims presented in the final amended complaint, and against only the defendants specifically named in the final amended complaint's caption.

3. The clerk of court is directed to send plaintiff copies of this order and the court's nonprisoner complaint form.

Entered November 14, 2023.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge